**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 06-4588**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ARTHUR JAMES MUNGO, JR., a/k/a Famous, a/k/a
JJ,

Defendant - Appellant.

———————————

**No. 06-4589**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

STEVEN ALLEN BYRD,

Defendant - Appellant.

———————————

**No. 06-4590**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ROBERT GENARD BYRD, a/k/a Stank,

Defendant - Appellant.

---

Appeals from the United States District Court for the District of South Carolina, at Florence.  Terry L. Wooten, District Judge. (4:05-cr-01042-TLW)

---

Submitted:  November 28, 2007        Decided:  December 17, 2007

---

Before NIEMEYER, GREGORY, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Clifford L. Welsh, WELSH & HUGHES, North Myrtle Beach, South Carolina; John M. Ervin, III, ERVIN LAW FIRM, PA, Darlington, South Carolina; Kathy Price Elmore, ORR, ELMORE & ERVIN, LLC, Florence, South Carolina, for Appellants.  Rose Mary Parham, Assistant United States Attorney, Florence, South Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to written plea agreements, Arthur James Mungo, Jr., Steven Allen Byrd, and Robert Genard Byrd pled guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base and 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846 (2000). Mungo and Robert Byrd also pled guilty to possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2000). Mungo was sentenced to 210 months' imprisonment, Steven Byrd was sentenced to 120 months' imprisonment, and Robert Byrd was sentenced to 300 months' imprisonment. Finding no error, we affirm.

On appeal, counsel filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), asserting there are no meritorious issues for appeal, but contending (1) the district court wrongly classified Mungo as a career criminal; (2) the district court failed to comply with the requirements of Federal Rule of Criminal Procedure 11 in accepting Steven and Robert Byrd's guilty pleas; (3) the district court did not properly calculate Robert Byrd's advisory guideline range; and (4) the district court's sentence for Robert Byrd was unreasonable. The Defendants were advised of their right to file a pro se supplemental brief, but did not do so, and the Government elected not to file a responsive brief.

Mungo questions whether he was properly classified as a career offender because the drug conspiracy began prior to when he committed the acts underlying his prior convictions. Section 4B1.1 of the United States Sentencing Guidelines provides that a defendant should be classified as a career offender when (1) the defendant is over eighteen, (2) the instant crime is a felony that is a crime of violence or a controlled substance offense, and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense.

Mungo only challenges whether his other felony convictions were "prior" to his conviction for the drug conspiracy. The drug conspiracy began in January 1997 and continued through September 2005. To establish that Mungo was a career offender, the district court relied on felony convictions Mungo sustained in 1998 and 2002. In so doing, the district court properly determined that because the conspiracy continued after Mungo was convicted for the other offenses, those convictions can properly be considered "prior felony convictions" for purposes of categorizing him as a career offender. See United States v. Elwell, 984 F.2d 1289, 1298 (1st Cir. 1993).

Steven and Robert Byrd question whether the district court complied with Fed. R. Crim. P. 11 in conducting their guilty plea hearings. Reviewing their records for plain error, we

conclude the district court conducted a thorough inquiry pursuant to Rule 11. Accordingly, we find no error.

Lastly, Robert Byrd contends that his sentence is unreasonable, but he offers no basis for this contention. The record shows the district court appropriately calculated the advisory guideline range and considered it in conjunction with other relevant factors under the Guidelines and 18 U.S.C. § 3553(a) (2000). See United States v. Moreland, 437 F.3d 424, 432-33 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). Robert Byrd's sentence, which is well within the applicable Guidelines range and the statutory maximum, is therefore reasonable. See United States v. Green, 436 F.3d 449, 457 (4th Cir.), cert. denied, 126 S. Ct. 2309 (2006); see also Rita v. United States, 127 S. Ct. 2456, 2462-65 (2007).

Pursuant to Anders, we have examined Defendants' respective records and find no meritorious issues for appeal. We therefore affirm the district court's judgment. We also deny Robert Byrd's motion to deconsolidate his case from Steven Byrd's and Mungo's appeals. This court requires that counsel inform their respective clients, in writing, of their right to petition the Supreme Court of the United States for further review. If any Defendant requests that such a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation.

Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED